IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TOBY ALEXANDER WHITE, | CASE NO. 7:16CV00531 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| DUFFIELD REGIONAL JAIL, | By: Glen E. Conrad |
| | Chief United States District Judge |
| Defendant. | |

Toby Alexander White, a Virginia jail inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging denial of a special diet to alleviate stomach trouble. Upon review of the record, the court finds that the action must be summarily dismissed.

White's allegations in his § 1983 complaint are sparse:

> I requested a special diet tr[a]y because [I] am hav[ing] problems with my stomach and have been den[ied] any medical treatment. I am still hav[ing] stomach problems and have been lied to by the staff. It states in the[ir] r[ule] book that special tr[a]ys are only received for religion or medical purposes, and I['ve] been denied that.

(Compl. 2, ECF No. 1.) White seeks "medical and financial" relief in this action and "to be moved to prison." (Id.)

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). The only entity that White names as a defendant to his § 1983

claims is the jail itself. The jail, however, is not a "person" subject to suit under § 1983. McCoy v. Chesapeake Corr. Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (finding jail immune from suit and not a person for purposes of § 1983). See also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Because White fails to state facts regarding actions that any particular jail official undertook in violation of his constitutional rights, White's complaint presents no legal or factual basis for a claim actionable under § 1983.

For the stated reason, the court will summarily dismiss this action without prejudice, pursuant to § 1915A(b)(1), as frivolous.[1] An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 19th day of December, 2016.

        *[signature]*
        Chief United States District Judge

---

[1] In any event, White's current allegations do not state any constitutional claim actionable under § 1983 against anyone. He does not state facts showing a serious medical need for treatment or indicating anything more than his disagreement with the jail's medical staff about whether a special diet is necessary or appropriate treatment to alleviate his alleged stomach difficulties. See Estelle v. Gamble, 429 U.S. 97, 102 (1976) (holding that only a prison official's deliberate indifference to inmate's serious medical needs violates the Eighth Amendment). The deliberate indifference standard "is not satisfied by . . . mere disagreement concerning '[q]uestions of medical judgment,'" Germain v. Shearin, 531 F. App'x 392, 395 (4th Cir. 2013) (unpublished) (quoting Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975)). See also Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977) (finding that in constitutional claim regarding prison medical care, "the essential test is one of medical necessity and not simply that which may be considered merely desirable").